Justice Scalia,
concurring in part and concurring in the judgment.
I join Parts I — III and V-VI of the Court’s opinion. As for Part IV, I agree that the stray snippets of legislative history respondent, the Solicitor General, and the dissent have collected prove nothing at all about Congress’s purpose in enacting 31 U. S. C. § 3730(e)(4)(A). Ante, at 295-299. But I do not share the Court’s premise that if a “‘legislative purpose’ ” were “ ‘evident’ ” from such history it would make any difference. Ante, at 298 (quoting United States v. Bornstein, 423 U. S. 303, 310 (1976)). The Constitution gives legal effect to the “Laws” Congress enacts, Art. VI, cl. 2, not the objectives its Members aimed to achieve in voting for them. See Oncale v. Sundowner Offshore Services, Inc., 523 U. S. 75, 79-80 (1998). If § 3730(e)(4)(A)’s text includes state and local administrative reports and audits, as the Court correctly concludes it does, then it is utterly irrelevant whether the Members of Congress intended otherwise. Anyway, it is utterly impossible to discern what the Members of Congress intended except to the extent that intent is manifested in the only remnant of “history” that bears the unanimous endorsement of the majority in each House: the text of the enrolled bill that became law.